UNITED STATES of America, Appellee,

v.

Jack J. CARLISLE, Appellant.

No. 80–5156.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 11, 1981.

Decided Nov. 11, 1982.

---

Arthur P. Strickland, Roanoke, Va. (Mundy & Strickland, Roanoke, Va., on brief), for appellant.

Jean B. Weld, Asst. U.S. Atty., Roanoke, Va. (John S. Edwards, U.S. Atty., Roanoke, Va., on brief), for appellee.

Before BUTZNER, RUSSELL and SPROUSE, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction by a jury of the defendant/appellant Jack J. Carlisle for alleged violation of 18 U.S.C. §§ 371, 1014 and 2, by conspiring and aiding and abetting in a check-kiting scheme fraudulently to induce a bank insured by the Federal Deposit Insurance Corporation to extend credit. The appellant was convicted on all three counts of an indictment charging that 1) he conspired with Fred Dale (who was not indicted) between August 30, 1975 and October 24, 1975, willfully to overvalue securities for the purpose of influencing the action of Lee Bank and Trust Company upon advances and extensions of credit; 2) he aided and abetted the willful overvaluation of a security, a $10,000 check drawn on the escrow account of Dale Realty Company, on August 30, 1975; and 3) he aided and abetted the willful overvaluation of a security, a $20,000 check drawn on the escrow account of Dale Realty Company, on October 25, 1975. The appellant contends on appeal that the evidence was not sufficient to convict him and that the district court erred in not granting his motion to dismiss the indictment on the ground that check-kiting is not an offense within the terms of § 1014, and that if it is so applied, it is unconstitutionally vague.

Summarizing the evidence, appellant and real estate broker Fred Dale had been acquainted for many years. On two occasions in the late summer and early fall of 1975, appellant caused Dale to sign blank checks and give them to him. Both checks were filled in later making American Mining Company, a corporation of which appellant was president, the payee. The first check was dated August 30, 1975 in the amount of $10,000 and was given a notation relating to certain realty (which American Mining Company owned but never sold) and the second check was filled in in the amount of $20,000 and dated October 25, 1975, with a notation relating to other realty. Dale's account balance on the date of the first check was $80.84 and his balance on the date of the second check was $7.83. Dale and Carlisle knew that there was not enough money in Dale's account to cover either check. The checks were deposited in American Mining Company's account on September 2, 1975 and October 28, 1975, respectively. The Lee Bank and Trust Company gave American Mining Company provisional credit for both checks. Both checks were subsequently returned for insufficient funds. The first check was re-

turned before Dale had signed the second. In an effort to cover the worthless checks, Carlisle engaged in a system of check deposits, using six different business accounts, several wire transfers and a fraudulently obtained loan and a loan from Lee Bank and Trust Company which was never repaid by Carlisle. The scheme resulted in covering two checks by more worthless checks and extensions of credit until proceeds from two loans were deposited to cover the series of kited checks.

Decision in this case was by order of the Court held in abeyance pending the decision of the Supreme Court in the case of *Williams v. United States.*

In light of the recent Supreme Court decision in *Williams v. United States,* —— U.S. ——, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982), the judgment of conviction in this case must be reversed. In the *Williams* case, the Court ruled that § 1014 does not cover the depositing of a bad check at a federally insured bank, saying that the statute does not "explicitly reach" the deposit of bad checks, and that the legislative history does not demonstrate a congressional intent to make § 1014 a "national bad check law."

Accordingly, check-kiting is not an offense within the terms of § 1014 and the judgment of conviction of the defendant Jack J. Carlisle is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

REVERSED and REMANDED.